# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| William Eugene Wedemeyer, | ) |
| Plaintiff, | ) |
| | ) **ORDER** |
| vs. | ) |
| | ) |
| Bismarck Police Department | ) |
| Officer Dale Schaffer | ) |
| Officer Sheldon Welch | ) Case No. 1:15-cv-006 |
| Officer Timothy Sass | ) |
| | ) |
| Defendants. | ) |

The plaintiff, William Eugene Wedemeyer ("Wedemeyer"), is presently incarcerated in the North Dakota State Penitentiary. He initiated the above-entitled action *pro se* on January 16, 2015. This matter is now before the court for review as mandated by 28 U.S.C. §1915A.

## I.   BACKGROUND

Wedemeyer is endeavoring to sue the Bismarck Police Department along with Bismarck Police Officers Dale Schaffer, Sheldon Welch, and Timothy Sass in both their official and individual capacities.   He alleges the following in his complaint:

> I was placed into a chokehold by officers & when it didn't work another choked me while Officer Schaffer pulled at the back of pants causing my neck and shoulders to be repeatedly slammed into police car.
>
> Officer's tazed me groin area (Dale Schaffer) while cursing at me continually. Officers Dale Schaffer and Sheldon Welch took turns assualting me & yelling obsenities at me.  This is not part of thier training.  Peace Officers are trained to de-escalate angery arrestee's not inrage them by taunting & abusing them.
>
> Officer Sheldon Welch open car door and tore my arm open grabbing for a telephone that I could possess as I was being detained for warrant check.

1

> Officer Timothy Sass was present during all of this and did nothing to stop it, therefore I feel that Bismarck Police Department is just as responsible & accountable for the Officers action's and un-controlled behavior.

See Docket No. 2 (errors in original). He seeks, inter alia, $20 million "for pain and suffering, mental anguish, & Defamation of character." Id.

## II.    REQUIREMENT FOR INITIAL REVIEW

When a prisoner seeks to sue a governmental entity, officer, or employee, 28 U.S.C. § 1915(A) requires that the court to conduct an early screening of the complaint to weed out claims that clearly lack merit. In conducting the screening required by 28 U.S.C. § 1915A, the court is required to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. See also Jones v. Bock, 549 U.S. 199, 202-03 (2007); Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).

## III.   DISCUSSION

Wedemeyer's complaint is problematic in several respects. First, it names the Bismarck Police Department as a defendant. However, it is well settled that a municipal police department is not considered a person within the meaning of 42 U.S.C. § 1983 and is therefore not subject to suit under § 1983. West v. Atkins, 487 U.S. 42, 48 (1988); see e.g., De La Garza v. Kandiyohi County Jail, Corr. Inst., No. 01-1966, 2001 WL 987542, at *1 (8th Cir. Aug. 30, 2001) (concluding that sheriff's department was not a suable entity for purposes of § 1983); United States v. Kama, 394 F.3d 1236, 1239-40 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983."); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir.1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

Second, the complaint is short on specifics. It does not, for example, indicate when the incident(s) giving rise to Wedemeyer's claims occurred or describe with any particularity the offensive conduct in which Officer Welch allegedly engaged. Rather, it simply alleges in rather conclusory fashion that Wedemeyer was assaulted by Officer Welch.

Third, Wedemeyer's prayer for relief creates some question as to the legal theory on which his claims are based. At first blush, Wedemeyer appears is assert claims of excessive force. However, in his prayer for relief he requests, amongst other things, monetary damage for defamation of character. The law is well settled that a 42 U.S.C. § 1983 action (which is the only action pled) cannot be predicated upon the theory of defamation. See Paul v. Davis, 424 U.S. 693 (1976); see also Von Stein v. Brescher, 904 F.2d 572 (11th Cir. 1990). To sustain an action pursuant to § 1983 there must be some allegation that the conduct violated federal statutory or constitutional law.

The court appreciates that Wedemeyer is proceedings *pro se* and will therefore hold its initial review in abeyance until February 13, 2015. In the interim, Wedemeyer may file an amended complaint that addresses the issues identified above and asserts his claims with greater particularity. Failure to submit an amended complaint will likely result in dismissal of this action for failure to state a claim.

**IT IS SO ORDERED.**

Dated this 22nd day of January, 2015.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court